NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JUAN ANTONIO BRACERO, JR., )
 )
 Appellant, )
 )
v. ) Case No. 2D19-34
 )
STATE OF FLORIDA, )
 )
 Appellee. )
_____ )

Opinion filed September 4, 2020.

Appeal from the Circuit Court for
Hillsborough County; Nick Nazaretian,
Judge.

Howard L. Dimmig, II, Public Defender,
and Megan Olson, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and C. Todd Chapman,
Assistant Attorney General, Tampa, for
Appellee.

CASANUEVA, Judge.

Juan Antonio Bracero, Jr. appeals an order finding that he violated the

terms of his community control and his resulting sentence. Mr. Bracero was accused of

violating conditions sixteen and nineteen of his community control. We affirm the

revocation of Mr. Bracero's community control and his sentence without discussion. The trial court's order correctly reflects that Mr. Bracero violated condition sixteen on one occasion. However, as the State properly concedes, the trial court's order incorrectly states that Mr. Bracero violated condition nineteen on three separate occasions. At the revocation hearing, the State presented evidence that Mr. Bracero violated condition nineteen on only one occasion.[1]

We therefore remand this case for the trial court to enter a new revocation order that correctly reflects that Mr. Bracero violated condition nineteen of his community control on one occasion.

Revocation and sentence affirmed; cause remanded for correction of revocation order.

VILLANTI and SLEET, JJ., Concur.

---

[1]Mr. Bracero had filed a motion pursuant to Florida Rule of Criminal Procedure 3.800 noting that the order revoking his community control failed to state which conditions of community control he was found to have violated. In his motion, Mr. Bracero incorrectly asserted that he was orally found guilty of three violations of condition nineteen. Based on this motion, the trial court entered the order on appeal.